**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40765
Summary Calendar
_____


FLOYD D. LITTLES,

Plaintiff-Appellant,

VERSUS

FORMOSA PLASTICS CORPORATION, U.S.A., and H.P. SERVICES, INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(V-92-CV-52)
_____


March 22, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.


JERRY E. SMITH, Circuit Judge:[1]

Floyd Littles attempts to appeal a take-nothing judgment. Because the notice of appeal was not timely filed, we are without jurisdiction.


I.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Littles filed a discrimination claim against Formosa Plastic Corporation ("Formosa"), Gulf Coast Maintenance ("Gulf Coast"), and H.P. Services, Inc. ("H.P. Services"). On April 18, 1994, the district court granted summary judgment in favor of H.P. Services on the basis that it was not a successor corporation to Gulf Coast, and in favor of Formosa on the basis that it was not Littles's employer. On the same day, the court entered a "final judgment," stating "that all claims in this matter have been resolved" and ordering that Little take nothing from Formosa and H.P. Services.

Littles filed a motion for new trial on April 28, 1994, which the district court denied on January 10, 1995. Littles filed a motion, on August 11, 1995, for trial setting and reconsideration of the judgment, which the court denied on August 22. Littles filed a notice of appeal on September 21, 1995.

II.

Under 28 U.S.C. § 1291, courts of appeals have jurisdiction over final decisions of district courts. A party must file a notice of appeal within thirty days after entry of final judgment. FED. R. APP. P. 4(a). The period is tolled when a party timely files a motion for a new trial, and the clock begins anew when an order disposes of the motion. FED R. APP. P. 4(a)(4)(E). In determining when an order is final, the intention of the district court is crucial. *Vaughn v. Mobil Oil Exploration & Producing Southeast, Inc.*, 891 F.2d 1195, 1197 (5th Cir. 1990).

If the April 18 order was final, and the motion for new trial

2

was disposed of by the January 10 order, then the September 21 notice of appeal was not timely filed. Littles argues[2] that the judgment of April 18, 1994, was not "final." Rather, he considers the August 8 order, disposing of the motion for a trial setting against Gulf Coast and for reconsideration of the prior judgment, as the final judgment. He asserts that the April 18 order was not final because it failed to dispose of the claim against Gulf Coast or of supplemental state law claims.[3]

Littles's two reasons fail to overcome the district court's precise language that the April 18 order was final. The fact that the order did not mention one of the defendants does not render the judgment non-final, as Littles had abandoned the claim against Gulf Coast, the missing defendant.[4] *See Jones v. Celotex Corp.*, 867 F.2d 1503, 1503-04 (5th Cir. 1989) ("An order that effectively ends the litigation on the merits is an appealable final judgment even if the district court does not formally include judgment on a claim that has been abandoned.").

Littles's second argumentSSthat the district court did not

---

[2] Littles did not file a reply brief in response to Formosa's arguments concerning appellate jurisdiction. Littles did discuss finality (or lack of it) in his motion for trial setting and reconsideration, however, and it is from the arguments presented in that motion that we are able to consider his position. It is generally wise for an appellant to file a reply brief when jurisdictional arguments appear for the first time on appeal.

[3] Littles's August 11 motion did not toll the time for filing a notice of appeal by arguing for reconsideration of the judgment. Rule 4(a) lists specific motions that toll the period for filing a notice of appeal. A motion for reconsideration, filed over 15 months after final judgment and over seven months after the court denied the motion for new trial, is not listed in the rule. Instead, under FED. R. CIV. P. 59(e), a motion to alter or amend the judgment must be filed within 10 days of judgment.

[4] Gulf Coast was never served.

dismiss the supplemental state law claimsSSis also erroneous, for the motions for summary judgment explicitly discussed the state law claims.  In the final order, the court announced that it "finds that all claims in this matter have been resolved and entry of Final Judgment is proper."

Accordingly, the plain intent of the district court was that the April 18 order was final.  In every respect, the order meets the requirements of FED. R. CIV. P. 58 and put Littles on notice that the time was running for him to file a notice of appeal.

We are without jurisdiction, and the appeal is DISMISSED.